IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WILLIS FLOYD WILEY | § | |
| TDCJ-CID NO.753383, | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION H-11-1144 |
| | § | |
| AMERICAN ZURICH INSURANCE | § | |
| COMPANY, | § | |
| Defendant. | § | |

OPINION ON DISMISSAL

Plaintiff, a state inmate incarcerated in the Texas Department of Criminal Justice-Correctional Institutions Division proceeding *pro se* but not *in forma pauperis*, has filed a complaint, which he frames as a civil rights lawsuit pursuant to 42 U.S.C. § 1983. (Docket Entry No.1). Plaintiff seeks compensatory and punitive relief from the American Zurich Insurance Company ("the Insurance Company") for violations of the American with Disabilities Act, the Eighth and Fourteenth Amendments, the Texas Administrative Title 28 Insurance Code, and the Deceptive Trade Practices Act. (Docket Entry No.1, pages 1-2). He also claims that the Insurance Company engaged in misrepresentation, breach of duty, and good faith and fair dealing by refusing to pay plaintiff the death benefits to which he claims entitlement as the legal beneficiary of his father's estate. (*Id.*). For the reasons to follow, the Court will dismiss this case.

BACKGROUND

Plaintiff indicates that the Insurance Company is the workers compensation insurance carrier of Rescar Industries in Houston, Texas, for whom plaintiff's father was employed as a switchman. (*Id.*, pages 4-5). On November 11, 2008, his father was killed when he and two other men were switching rail cars. (*Id.*, pages 5-6). On November 18, 2008, an

attorney who represented the alleged common law wife of plaintiff's father informed plaintiff of a possible lawsuit against Rescar. (*Id*., pages 6-7). Plaintiff declined to participate in such suit. The attorney of the putative spouse, nevertheless, gave plaintiff a copy of a $120,000.00 life insurance policy issued by the Lincoln National Life Insurance Company, which listed plaintiff and his sister as beneficiaries. (*Id*., page 7). Plaintiff completed the beneficiary claim form and mailed it to the Lincoln National Life Insurance Company; he also filed an estate claim with the Harris County, Texas Probate Court. (*Id*.).

On June 5, 2009, plaintiff was informed by letter from the Clerk of the Harris County Probate Court that a small estate affidavit had been filed and approved on January 22, 2009, but a personal representative had not been appointed. (*Id.*, pages 7-8). Plaintiff was advised to employ an attorney if he wanted to pursue legal action for insurance benefits. (*Id*.).

On September 3, 2009, plaintiff completed a Notice of Fatal Injury Occupational Disease and Claim for Compensation for Death Benefits ("the Notice") and mailed it to the Texas Department of Insurance. (*Id.*, page 8). On December 3, 2009, the Lincoln National Life Insurance Company deposited $60,060.78 in plaintiff's inmate trust fund account. (*Id*.). On January 5, 2010, plaintiff was informed by a representative of the Lincoln National Life Insurance Company that it was not a workers compensation carrier and had not received the Notice. (*Id.*). Plaintiff was advised to contact Rescar for information regarding the Notice. (*Id.*).

Rescar advised plaintiff on January 27, 2010 that the American Zurich Insurance Company was its workers compensation carrier and advised plaintiff to contact Gallagher Bassett Services Incorporated ("Gallagher Bassett"), who handled such claims for the Insurance Company. (*Id*, page 9). Plaintiff learned from Gallagher Bassett that he had been denied death benefits.

(*Id.*).  Plaintiff later received notice on July 7, 2010, from the Texas Department of Insurance Division of Workers Compensation that his claim had been set for a benefit review and that an ombudsman had been assigned to handle the dispute.  (*Id.*, pages 9-10).  Plaintiff also learned that his father's alleged common-law wife was disputing his claim to death benefits because the Insurance Company had already started paying her the workers compensation death benefits. (*Id.*).  After a hearing on November 30, 2010, the Benefit Contested Case Hearing Officer issued a decision against plaintiff.  (*Id.*, page 11).  Plaintiff filed an appeal of the decision and on February 28, 2011, the Texas Department of Insurance Division of the Workers Compensation Appeal Panel affirmed the November 30, 2010 decision.  (*Id.*).

On March 28, 2011, plaintiff filed the pending civil rights suit, which the Court dismissed pursuant to the "three strikes" provision of 28 U.S.C. § 1915(g).  (Docket Entry No.3). Plaintiff paid the entire filing fee and on June 9, 2011, the Court granted plaintiff's motion to reopen the case.  (Docket Entry No.8).

DISCUSSION

In its Opinion on Dismissal signed on April 13, 2011, the Court noted an alternative reason for dismissing plaintiff's claims against the American Zurich Insurance Company.  In footnote one, the Court indicated that plaintiff's claims were subject to dismissal because they were conclusory and legally frivolous.  (Docket Entry No.13, n.1).  The Court further noted that plaintiff had stated no facts to show that the insurance company was a state actor under 42 U.S.C. § 1983 or a public entity under the Americans with Disabilities Act or that the company had engaged in any activity that violated plaintiff's constitutional or statutory rights. (*Id.*).  The Court indicated that plaintiff's remaining claims against the Insurance Company were

state law claims and not federal claims. (*Id.*). Nevertheless, plaintiff moved to reopen the case and submitted a supplement to the pleading. (Docket Entry 7).

A plaintiff seeking relief under 42 U.S.C. § 1983 must establish two essential elements -- that the conduct complained of was committed under color of state law and that the conduct deprived the plaintiff of rights secured by the Constitution or laws of the United States. *Hernandez v. Maxwell*, 905 F.2d 94, 95 (5th Cir. 1990). Plaintiff concedes that the American Zurich Insurance Company is a private entity. (Docket Entry No.7-1, page 2). Because the Insurance Company is not a state actor, it is not subject to suit under § 1983. Because plaintiff cannot prove any set of facts in support of his federal claims against the Insurance Company under § 1983, his complaint fails to state a cause of action and is subject to dismissal. *See also Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992) (plaintiff must state facts and not conclusory allegations).

The Americans with Disabilities Act ('ADA') is a federal anti-discrimination statute intended to eliminate discrimination against individuals with disabilities. *Delano-Pyle v. Victoria County, Texas*, 302 F.3d 567, 574 (5th Cir. 2002). Title II of the ADA authorizes suits by private citizens for money damages against public entities that violate 42 U.S.C. § 12132. See 42 U.S.C. § 12133 (incorporating by reference 29 U.S.C. § 794a). As plaintiff has conceded, the Insurance Company is a private entity. Because it is not a public entity, the Insurance Company is not subject to suit under the ADA. Therefore, plaintiff's ADA claim against the Insurance Company is subject to dismissal for failure to state a claim.

Plaintiff's remaining claims against the Insurance Company under the Texas Administrative Title 28 Insurance Code and the Deceptive Trade Practices Act, and his claims of misrepresentation, breach of duty, and good faith and fair dealing are state law claims. A district

court may decline to exercise supplemental jurisdiction if it has dismissed all the claims over which it had original jurisdiction. 28 U.S.C. § 1367(c)(3). Although the general rule in the Fifth Circuit "is to dismiss state claims when the federal claims to which they are pendent are dismissed[,]" *Parker & Parsley Petroleum Co. v. Dresser Indus.*, 972 F.2d 580, 585 (5th Cir. 1992); *Priester v. Lowndes County*, 354 F.3d 414, 425 (5th Cir. 2004), the Supreme Court has counseled that district court's should examine factors such as economy, convenience, fairness, federalism, and comity in determining whether jurisdiction should be exercised. *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966). Because the Court has not had substantial involvement with this case, the Court declines to exercise supplemental jurisdiction over plaintiff's state law claims against American Zurich Insurance Company.

## CONCLUSION

For the reasons stated herein, plaintiff's complaint is DISMISSED. His federal claims against American Zurich Insurance Company are DISMISSED WITH PREJUDICE. His state law claims against American Zurich Insurance Company are DISMISSED WITHOUT PREJUDICE, to plaintiff seeking relief in state court. All pending motions, if any, are DENIED.

The Clerk shall provide a copy of this Order to the parties.

SIGNED at Houston, Texas, this 12th day of October, 2011.

                                                    MELINDA HARMON
                                           UNITED STATES DISTRICT JUDGE